In the matter of the estate of LEONARD KITTINGER, deceased.

*New Castle, April* 26, 1910.

Where a trust has terminated, and the only duty to be performed by a trustee is to convey the legal title to the trust estate, consisting of real and personal property, to a sole beneficiary in remainder, who is also the holder of the legal title as the sole heir at law and devisee of the deceased trustee, the Court of Chancery has no jurisdiction to appoint a new trustee in place of the deceased trustee.

PETITION FOR THE APPOINTMENT OF A NEW TRUSTEE. This is a petition by a *cestui que trust* for the appointment of a trustee in the place of a deceased sole trustee. Leonard Kittinger by a general residuary devise and bequest gave all his property to The Equitable Guarantee and Trust Company in trust for the testator's wife, Emma Kittinger, for life, and upon her death to sell, collect and call in all the residuary estate and divide it into three parts among the testator's three sons, Charles, George and Leonard. In the event that either one of the sons should die leaving issue, the issue should take the parent's share; but, if either died without issue surviving him, the survivors should take the whole. As to his real estate the testator authorized the trustee, during or at the termination of the trust for the purpose of distribution, to sell and convey the real estate. Afterwards, by codicil, the testator appointed his wife to be trustee in the stead of The Equitable Guarantee and Trust Company, without changing the above-mentioned provisions of his will. The widow and three sons survived the testator, and died in the following order: First, Charles H. Kittinger, then Leonard A. Kittinger, and then Emma Kittinger, the widow. Neither of the two sons left any issue, and the surviving son, George B. Kittinger, is the only heir at law, either of his father, the testator, or of his mother, Emma Kittinger. The trust estate consists of real estate in

Delaware and a small sum of money. George B. Kittinger, the sole *cestui que trust* and the only heir at law of the deceased trustee, by his petition has requested the appointment of a new trustee in the place of the deceased trustee.

*George Lodge*, for the petitioner.

THE CHANCELLOR: The Court of Chancery has no jurisdiction to appoint a new trustee as prayed for. The objects for which the trust was created having been accomplished, the trust has terminated, and the legal title to the land upon the death of the trustee, as well as the equitable title, vested in the beneficiary without the formality of a conveyance. It has always been held in this State that in cases of dry or passive trusts the legal estate passes to the holder of the equitable estate by operation of the statute as an executed use. *Jones v. Bush*, 4 *Harr*. 1 (in the Court of Errors and Appeals). In the case of *Doe dem. McMullen v. Lank*, 4 *Houst*. 648, the Superior Court held that, where the trust had terminated and the only duty of the trustee was to convey the legal title, it would be presumed that a deed had been made. In that case land was conveyed in 1837 in trust to permit the wife of the settlor to manage and improve the real estate and receive the rents thereof for her own use for life, and at her death to convey the same to A., B. and C., children of the settlor. The widow of the settlor died in 1870 and the three children were then living. During the life of the life tenant the trustee died. In 1871 a judgment was recovered against A. (Henry Hugg), one of the *cestuis que trust*, and his interest was sold by the sheriff under process issued on the judgment. Afterwards an ejectment suit was brought by the heirs at law of the deceased trustee, as lessors of John Doe, the plaintiff, against the tenant of the purchaser at the sheriff's sale. The cause came before the Superior Court upon a special verdict. Two defenses were urged: First, that only the eldest male heir at law of the trustee and not all the heirs at law were proper parties; and, secondly, that the purchaser's title to the share of A. was good because the legal and equitable title was vested in him at the

time the judgment was recovered against him. The first point was conceded by counsel for the plaintiff. The decision of the Court was as follows:

"Both objections are fatal to the present action; and the first also to the right of the eldest male heir of the trustee to recover in a similar action brought in his name alone; because on the death of Maria Hugg the wife of the grantor, it became a purely dry or passive trust, and a dry legal estate merely vested in the trustee, the purpose of its creation having been fulfilled, and leaving nothing for him to do but to convey the legal estate to others as directed in the deed creating it, of whom Henry Hugg was one; and since the cases of *Lade v. Holford*, *Buller's N. P.* 110, and *England v. Slade*, 4 *T. R.* 682, we are bound to presume that that has been done, and that such an outstanding term or trust in his own trustee has been surrendered to Henry Hugg and the others entitled to the conveyance of the legal estate on her death, as directed in the deed."

It should be noted that in the case cited the time which elapsed between the death of the life tenant and the recovery of the judgment was about one year and not a long time, and the presumption of a deed under such circumstances means that it would arise and be effective, both for and against the *cestui que trust*, immediately after the duty to convey arose. This principle is especially applicable in the case before the Court, where the legal title has been cast by law upon the *cestui que trust*, as sole heir at law of the deceased trustee, in case she had died intestate, or in case the legal title passed to him under her will. The Chancellor is asked in this case, therefore, to appoint a new trustee whose sole duty it would be to convey the legal title to one who already holds it and who also holds the equitable title. To state this request is to show that it cannot be granted, for the Court really has no jurisdiction even upon the petition of the sole *cestui que trust* to attempt to do a futile act and should not attempt to exercise its jurisdiction to do an act absolutely and clearly unnecessary. The personal property constituting a part of the trust estate would necessarily come into the hands of the executor or administrator of the deceased trustee, whose duty it would be to pay it over to the beneficiary, and there is certainly no need of a new

trustee to act merely as a conduit for the purpose of such transfer, which might be made directly.

The prayer of the petitioner is denied and the petition dismissed at the cost of the petitioner.

Let a decree be entered accordingly.